# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

SHONDRANIQUE HUNTER and
GIVONNI HUNTER,

      Plaintiffs,

v.                                                    Case No. 3:22-cv-608-TJC-PDB

THE CITY OF JACKSONVILLE
FLORIDA et al.,

      Defendants.

_____

# O R D E R

This battery and false imprisonment case requires the Court to decide whether the requirements of federal question jurisdiction have been met. Plaintiffs, Shondranique and Giovanni Hunter, filed their complaint against Defendants, the City of Jacksonville (COJ) and various deputies at the Jacksonville Sheriff's Office (JSO), alleging Defendants (1) battered them, (2) falsely arrested/imprisoned them, and (3) negligently inflicted emotional distress. (<u>See</u> Doc. 4). COJ removed the complaint based on federal question jurisdiction. (Doc. 1). In its Notice of Removal, COJ asserts that the Court has federal question jurisdiction because:

- "In paragraph one of the Complaint, Plaintiffs assert they are bringing this action 'for monetary damages and injunctive relief for the deprivation

of Plaintiffs['] . . . rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution and the respective articles of the Constitution of the State of Florida.'" (Doc. 1 at 1–2 (quoting Doc. 4 ¶ 1)).

- "Plaintiffs allege the individual officer defendants were acting 'pursuant to either official policy or custom and practice of the Jacksonville Sheriff's Office.'" Id. at 2 (quoting Doc. 4 ¶¶ 6–12). "This type of language is usually alleged when Plaintiffs intend to pursue a Monell-type claim against a municipality." Id.

- "Plaintiffs are requesting injunctive relief from Defendants 'continuing to act in violation of federal . . . law as alleged herein.'" Id. (quoting Doc. 4 at 8–9).

Plaintiffs filed a Motion to Remand (Doc. 16), and COJ and two of the JSO deputies filed a response in opposition (Doc. 27).

Federal question jurisdiction arises under 28 U.S.C. § 1331 which directs that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009) (citing Louisville & Nashville R.R. v. Mottley,

211 U.S. 149, 152 (1908)). Cases have generally found three scenarios where federal question jurisdiction exists. First, in most cases, federal claims "are those in which federal law creates the cause of action." <u>Merrell Dow Pharms. Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986). Second, removal is proper where a state court complaint alleges a state law claim that necessarily raises a stated federal issue, "actually disputed and substantial." <u>Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 314 (2005); <u>Gunn v. Minton</u>, 568 U.S. 251, 258 (2013) ("That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."). Finally, removal is proper if "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim . . . .'" <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987) (quoting <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 65 (1987)).

The first avenue of federal jurisdiction does not exist here. All of Plaintiffs' claims explicitly state, in their respective titles, that each claim is a "STATE LAW CLAIM." (Doc. 4 at 6–8). The allegations under each count do not reference federal law. Indeed, Plaintiffs explicitly reference state law and state law standards. (<u>See</u> Doc. 4 ¶¶ 35, 37, 39, 42, 44). Additionally, the first two references to federal law noted by COJ in its Notice of Removal are not

incorporated into any of the alleged claims. (See Doc. 1 ¶¶ 33, 36, 41). The final reference to federal law is found in Plaintiffs' wherefore clause where Plaintiffs' state simply: "the Plaintiffs respectfully request damages as follows: . . . Injunctive relief, requiring defendants to correct all past violations of state law as well as alleged herein and to enjoin defendants from continuing to act in violation of federal and state law as alleged herein . . . ." (Doc. 4 at 8–9). These passing references to federal law do not establish federal question jurisdiction, and a plain reading of the complaint does not lead to the conclusion that Plaintiffs are alleging federal claims. See Williams v. Jones, No. 8:11-CV-2865-T-33TBM, 2012 WL 1192100, at *2 (M.D. Fla. Apr. 10, 2012) ("[T]he mere mention of a federal statute in a complaint does not create federal question jurisdiction.") (citing Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir.1994)); Anderson v. Household Fin. Corp. of Alabama, 900 F. Supp. 386, 389 (M.D. Ala. 1995) ("The court finds that the mere mention of the words 'federal laws' does not confer the court with federal-question jurisdiction, particularly when a commonsense reading of the complaint and amended complaint reflects the pleading of state law claims."); see also (Doc. 16 at 4 ("Counsel has pled no claim pursuant to Section 1983 and while Plaintiff's [sic] could have elected to do so – did not.")).

Defendants do not contest that the second and third avenues of federal question jurisdiction are also not met here. Indeed, Defendants concede that

"[c]laims for false arrest, battery, and negligent infliction of emotional distress can arise under both federal and state law . . . ." (Doc. 27 at 4). In sum, while Plaintiffs' complaint is an imprecise pleading, Defendants have failed to show that this Court's federal jurisdiction has been invoked.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Remand (Doc. 16) is **GRANTED** to the extent it requests remand and **DENIED** to the extent it requests attorneys' fees.[1]

2. The case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

3. After remand has been effected, the Clerk shall terminate any pending motions or deadlines and close the file.

---

[1] Plaintiffs ask the Court to award them attorneys' fees because, they argue, Defendants "lacked an objectively reasonable basis for seeking removal." (Doc. 16 at 5). The Court disagrees. While the Court believes that remand is proper, Defendants had a colorable argument for removal.

**DONE AND ORDERED** in Jacksonville, Florida the 13th day of September, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

Clerk, Circuit Court Fourth Judicial Circuit, Duval County

6